**Robert E. Maloney, Jr.**, OSB No. 670856
maloneyr@lanepowell.com
**Skyler M. Tanner**, OSB No. 101589
tanners@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Deutsche Bank National
Trust Company, as trustee for Morgan
Stanley ABS Capital I Inc. Trust 2006-HE4

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Cindy Kay Lorenz and David Bryan Lorenz, | ) | CASE NO. 15-31362-tmb13 |
| | ) | |
| Debtors. | ) | MEMORANDUM OF LAW IN SUPPORT |
| | ) | OF REQUEST FOR COMFORT ORDER ON |
| | ) | EXPIRATION OF AUTOMATIC STAY |
| | ) | |

Deutsche Bank National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE4 ("Deutsche Bank") submits this memorandum of law in support of its request for a comfort order confirming that because the automatic stay expired in this case on April 22, 2015, there is no legal basis for a postponement of the foreclosure sale of the real property located at 17013 Northwest Johnson Road, Hillsboro, Oregon 97124 (the "Property"), which the Multnomah County Sheriff set for April 27, 2015.

## I. FACTUAL BACKGROUND

The Debtors, David and Cindy Lorenz, (the "Debtors") jointly filed a Chapter 13 bankruptcy petition on March 23, 2015 (the "March Joint Filing"), an hour or two before the sheriff's foreclosure sale of the Property. The March Joint Filing occurred within one year of the

PAGE 1 OF 5      MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR
                 COMFORT ORDER ON EXPIRATION OF AUTOMATIC STAY

707220.0116/6309889.2

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

dismissal of a Chapter 13 bankruptcy that Cindy Lorenz filed on November 22, 2013, which the Court dismissed on April 23, 2014 (the "Cindy Lorenz Filing"), and a Chapter 13 bankruptcy that David Lorenz filed on March 7, 2014, which the Court dismissed on April 28, 2014 (the "David Lorenz Filing") (collectively the Cindy Lorenz Filing and the David Lorenz Filing will be referred to as the "Prior Bankruptcy Cases"). Prior to the dismissal of each of the Prior Bankruptcy Cases, the Bank obtained relief from this Court from the automatic stay to foreclose against the Property.

## II. <u>LEGAL ANALYSIS</u>

**A.     Expiration of the Automatic Stay**

Section 362 of Bankruptcy Code ("Section 362") was amended in 2007 for the purpose of avoiding some of the adverse consequences resulting from a debtor's seriatum bankruptcy case filings for the purpose of delaying a secured creditor's foreclosure sale. For example, Section 362 provides that the automatic stay expires on the 30th day following the filing of a bankruptcy case if the debtor has had a prior bankruptcy pending within the past year, unless the court, prior to the expiration of such 30-day period, extends the stay on motion of a party in interest and upon proof that the bankruptcy filing was filed in good faith. 11 U.S.C. § 362(c)(3)(A) & (B).

This Court had an opportunity to apply this doctrine in *In re Whitescorn*, No. 13-60159-fra13, 2013 WL 1121393 (Bankr. D. Or. Mar. 14, 2013) (Alley, J.). In that case, the debtor's prior bankruptcy case expired on September 24, 2012, and he filed a new case on January 22, 2013. The debtor filed a motion to extend the stay, but it was not heard until March 5, 2013. The Court found that the stay had already expired on February 21, 2013. The Court explained that, because the stay had already expired, "[t]he court therefore lacks any discretion to extend

PAGE 2  OF 5      MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR
                 COMFORT ORDER ON EXPIRATION OF AUTOMATIC STAY

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
707220.0116/6309889.2              PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

the automatic stay in this case." *Id.* at *2. The Court noted that a motion to extend the stay must be filed "*prior to* the expiration of the 30-day period." *Id.* at *1 (emphasis in original).[1]

In this case, the March Joint Filing was commenced on March 23, 2015, which means the stay expired automatically pursuant to the provisions of Section 362 yesterday, on April 22, 2015, 30 days after March 23, 2015. Because the stay has expired, the Court has no discretion to extend the stay now.

B.   **Complete Expiration of the Stay**

The Ninth Circuit Bankruptcy Appellate Panel and this Court have held that when the stay expires under Section 362(c)(3)(A), the stay expires in its entirety—i.e., as to the debtor, the debtor's property and property of the estate. *Reswick v. Reswick (In re Reswick)*, 446 B.R. 362, 373 (9th Cir. B.A.P. 2011); *Whitescorn*, 2013 WL 1121393, at *2. The 9th Circuit BAP explained, "The legislative history [of Section 362(c)(3)(A)] demonstrates that Congress intended to deter successive bankruptcy filings by imposing stricter limitations on the power of the automatic stay as subsequent bankruptcy cases are filed." *Id.* at 372. To accomplish that goal, the 9th Circuit BAP held, "[S]ection 362(c)(3)(A) terminates the automatic stay in its entirety on the 30th day after the petition date." *Id.* at 373.

In this case, because both Debtors had a prior bankruptcy case pending within the year before the Joint March Filing, the stay expired on April 22, 2015, as to both Debtors, their property, and the property of their estate, including any interest any of them had in the Property.

C.   **Comfort Order**

Although the stay expires of its own accord, without any need for an order, the Bankruptcy Code permits a creditor to ask for a "comfort order" to confirm that the stay is not effective. 11 U.S.C. § 362(j). The statute does not require notice of such a request. *Compare* 11 U.S.C. § 362(j) *with* 11 U.S.C. § 362(d) (requiring "notice and a hearing"). Deutsche Bank

---

[1] Further, pursuant to local rule, in the District of Oregon, a motion to extend the stay must be filed within 7 days of the bankruptcy filing. LBF 721.3(1)(a). Thus the deadline for the Debtors to file such a motion was March 30, 2015. The Debtors failed to comply with that deadline.

PAGE 3 OF 5    MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR
COMFORT ORDER ON EXPIRATION OF AUTOMATIC STAY

seeks such a comfort order from the Court to confirm that the Debtors understand that the foreclosure sale scheduled for April 27, 2015, is not stayed and do not waste time and money later attempting to challenge that fact without incurring sanctions.

### III. <u>CONCLUSION</u>

WHEREFORE, Deutsche Bank requests that the Court confirm with a comfort order that the automatic stay expired on April 22, 2015, and that the stay will not prohibit the foreclosure sale from occurring on April 27, 2015.

DATED: April 23, 2015

                                             LANE POWELL PC

                                             By <u>s/ Robert E. Maloney, Jr.</u>
                                                  Robert E. Maloney, Jr., OSB No. 670856
                                                  Skyler M. Tanner, OSB No. 101589
                                                  Telephone: 503.778.2100
                                                  Facsimile: 503.778.2200
                                                  Attorneys for Deutsche Bank National
                                                  Trust Company, as trustee for Morgan
                                                  Stanley ABS Capital I Inc. Trust 2006-HE4

PAGE 4 OF 5    MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR COMFORT ORDER ON EXPIRATION OF AUTOMATIC STAY

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
707220.0116/6309889.2    PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

# CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2015, I caused to be served a copy of the foregoing Memorandum of Law in Support of Request for Comfort Order on Expiration of Automatic Stay on the following person(s) in the manner indicated below at the following address(es):

- Jennifer L Aspaas ecfor@rcflegal.com, ecfor@rcflegal.com
- Wayne Godare c0urtmai1@portland13.com, c0urtmai1@portland13ct.com
- Recovery Management Systems Corporation claims@recoverycorp.com
- US Trustee, Portland USTPRegion18.PL.ECF@usdoj.gov

☒ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery
☐ by Overnight Delivery

    Cindy Kay Lorenz
    2373 NW 185th Ave Pmb #221
    Hillsboro, OR 97124

    David Bryan Lorenz
    2373 NW 185th Ave Pmb #221
    Hillsboro, OR 97124

☐ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☒ by Hand Delivery
☐ by Overnight Delivery

    s/ Robert E. Maloney, Jr.
    Robert E. Maloney, Jr.

PAGE 5 OF 5    MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR COMFORT ORDER ON EXPIRATION OF AUTOMATIC STAY

707220.0116/6309889.2

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200